IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Murphy, Jr., )<br>) Cr. No. 0:05-1224<br>Movant, )<br>vs. )<br>)<br>Unites States of America, ) **O R D E R**<br>)<br>Respondent. )<br>_____) | |

## I. FACTS AND PROCEDURAL HISTORY

Movant David Murphy, Jr. was indicted on November 16, 2005 for conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) (Count 1); possession with intent to distribute and distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2 (Counts 5, 8, 20); felon in possession, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1) (Counts 6, 9); use and carrying of a firearm during and in relation to, and possession in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Counts 7, 11); possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924 (a)(2) (Count 10); possession with intent to distribute and distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(B) (Count 14). See ECF No. 3. On January 10, 2006, the government filed an Information pursuant to 21 U.S.C. § 851, thereby notifying Movant that he was subject to enhanced penalties based on two prior felony drug convictions (ECF No. 65). A superseding indictment was filed on February 23, 2006 (ECF No. 98).

Movant was represented by appointed counsel, William N. Nettles, Esquire. On May 18, 2006, Movant filed a pro se motion to appoint new counsel (ECF No. 228). Movant contended that

trial counsel had not been to see him in jail or otherwise communicated with him. Movant's motion was denied on May 25, 2006. On September 29, 2006, Movant filed a second pro se motion to appoint new counsel (ECF No. 308). Movant again complained that trial counsel had not properly communicated with him. Movant's second motion for new counsel was denied on October 2, 2006.

Also on October 2, 2006, Movant entered into a Plea Agreement as to Count 1, specifically as to conspiracy with intent to distribute and distribution of 50 grams or more of cocaine base (ECF No. 314). The court queried Movant as follows:

> THE COURT: . . . We have already had a hearing on this, but I'm going to ask you for the purposes of this hearing if you are satisfied with the manner your lawyer has advised and represented you?
>
> DEFENDANT MURPHY: Yes, ma'am.
>
> THE COURT: Do you feel that you've talked with him for as often, as long as you feel is necessary for him to represent you?
>
> DEFENDANT MURPHY: Yes, ma'am.
>
> THE COURT: And you've had more conversations with your lawyer today, is that correct?
>
> DEFENDANT MURPHY: Yes.
>
> THE COURT: And he was able to go over the discovery and things in this case and talk to you about it, is that correct?
>
> DEFENDANT MURPHY: Yes.
>
> THE COURT: Okay. Do you need any more time to talk with your lawyer?
>
> DEFENDANT MURPHY: Yes, ma'am.
>
> THE COURT: You need to talk with him some more? Okay.
>
> (Mr. Nettles and Mr. Murphy confer.)

>THE COURT: Do you have any questions for your lawyer? Have you talked with him, talked to him for as [long] as you need?
>
>DEFENDANT MURPHY: Yes, ma'am.
>
>THE COURT: Do you need any more time to talk with him?
>
>DEFENDANT MURPHY: No, ma'am.
>
>THE COURT: Okay. Has he failed to do anything that you asked him to do?
>
>DEFENDANT MURPHY: No, ma'am.
>
>THE COURT: Is there anything else you want him to do prior to this hearing?
>
>DEFENDANT MURPHY: No, ma'am.
>
>THE COURT: And are you completely satisfied with your lawyer's services?
>
>DEFENDANT MURPHY: Yes, ma'am.
>
>THE COURT: And do you have any complaints that you want to make to the court at this time about your lawyer?
>
>DEFENDANT MURPHY: No, ma'am.

Change of Plea Hearing 5-6 (ECF No. 537). Movant's plea was entered on October 2, 2006.

A presentence investigation report (PSR) was prepared by the United States Probation Office and filed on December 22, 2006, as amended on January 26, 2007 and May 1, 2007. Movant was held accountable for 2.2 kilograms of cocaine base, for a base offense level of 38. The base offense level was increased two levels pursuant to U.S.S.G. § 2D1.1(b)(1) because Movant possessed firearms in connection with his drug distribution activities. The base offense level was increased by an additional three levels pursuant to U.S.S.G. § 3B1.1(b) because Movant was a manager or supervisor of a criminal activity that involved five or more participants. Thus, Movant's total offense level was 43. Movant's criminal history category was II. Movant's guidelines range was

life imprisonment. His mandatory minimum/maximum sentence was 20 years to life. See 21 U.S.C. § 841(b)(1)(A).

Movant wrote a letter to the court, filed January 10, 2007, in which he stated that trial counsel "is totally against me." ECF No. 360. Movant wrote another letter, filed May 2, 2007, in which he complained that trial counsel was "not defending me to the best of his ability." ECF No. 390. The court held a sentencing proceeding on May 3, 2007. Movant objected to the drug weights as inflated and not supported by sufficient proof. The court addressed each paragraph of the PSR dealing with drug weights and both sustained and overruled various objections. Consequently, the drug weights were reduced to 2,086.25 grams of cocaine base and 175.66 grams of cocaine powder. Sentencing Hearing 12 (ECF No. 470). Despite the revised drug amounts, the base offense level remained at a level 38. Id. Movant indicated to the court that he had no additional objections to the PSR. Id. at 13. Movant was sentenced to incarceration for a period of life, to be followed by a term of ten years supervised release. Judgment was entered May 7, 2007.

Movant filed a direct appeal to the Court of Appeals for the Fourth Circuit on May 17, 2007. However, because an error was discovered in the PSR, Movant's appeal was stayed and a revised PSR prepared. The revised PSR attributed to Movant 264.52 grams of cocaine base and 2,359.66 grams of cocaine powder, which amounts yielded a base offense level of 34; plus a 2 level increase because Movant possessed firearms in connection with his drug activities; plus an additional 3 level increase because Movant was a manager or supervisor of a criminal activity that involved five or more participants. Thus, Movant's revised total offense level was 39, with a criminal history category of II. Movant's guidelines range was reduced from life to 292 to 365 months imprisonment. As noted, his statutory minimum/maximum sentence was 20 years to life.

Movant was re-sentenced on August 29, 2007, to 292 months incarceration. An amended judgment was entered on September 22, 2007. A notice of appeal restoring the case to the active docket was filed on October 30, 2007. Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he stated there were no meritorious issues for appeal but raised claims suggested by Movant. Movant also filed a pro se supplemental brief challenging his sentence and the court's refusal to appoint him new trial counsel.

On October 21, 2008, Movant moved pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. 1B1.10(c), to receive the benefit of Guideline Amendment 706, which caused a two level reduction in the base offense level for cocaine base. Under the Amendment, Movant's revised total offense level became 37 rather than 39. Movant's guidelines range became 240 to 293 months.[1] Movant's motion was granted on October 22, 2008. An amended judgment was entered on October 22, 2008 in which Movant's term of imprisonment was reduced from 292 months to 240 months.

On May 20, 2009, the Fourth Circuit affirmed Movant's conviction and sentence. See United States v. Murphy, 330 F. App'x 434 (4th Cir. 2009). The Fourth Circuit noted that the court conducted a thorough Fed. R. Crim. P. 11 hearing, assuring that Movant's plea was knowing and voluntary in all respects. Id. at 435. The Fourth Circuit further noted that Movant was sentenced to the statutory minimum sentence for his crime based upon his prior felony drug convictions, and the court had no basis from which to depart from the mandatory minimum. Id. The Fourth Circuit also rejected Movant's contention that the court erred in refusing to appoint him new counsel. The Fourth Circuit determined that Movant had failed to establish a conflict that resulted in a "'total lack

---

[1] The low end of the guidelines range, 240 months, is based upon the statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A). Absent the statutory minimum, the guidelines range would be 235-293 months.

of communication[.]'" Id. (quoting United States v. Reevey, 364 F.3d 151, 156 (4th Cir. 2004)).

## II. DISCUSSION

This matter is before the court on Movant's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, which motion was filed on April 2, 2010. Movant raises the following grounds for relief:

> GROUND ONE: Conflict of intrest, Ineffective Assistance. Attorney labored under a conflict of intrest during the pretrial and guilty phase of client's case. This was a product of client writing expressing to the judge, the dissatifation in the representation that counsel was providing and requested new counsel on numerous times. . . . Denial of the request for new counsel defaulted the frame work of the whole fair trial proceedings, which unquestionably qualifies as a structural error. Once counsel became aware of formal complaints made against him, an irrenconcilable conflict formed, and counsel advocacy became zealous in retaliation. A complete breakdown in communication formed, because counsel main concern was the formal complaints, instead of discussing case, and coming up with a defense. Outcome may have been different with another attorney whose communication realtionship has'nt dissolved.
>
> GROUND TWO: Ineffective Assistance of Counsel. Counsel was ineffective for failing to investigate discovery documents in his possession with due digilence, and familiarize himself with the circumstances surrounding client's case. Investigate potential witnesses. In failing to do so he didn't discover exculpatory evidence that statements were fabricated. . . . This is evidence that Government's case rested on tainted testimony. Had counsel investigated as client asked he would discovered these facts. There is a strong likelihood that counsel would of changed his recommendation as to plead guilty. And utilized discoverys as a defense against charges.
>
> GROUND THREE: Ineffective Assistance of counsel. Counsel was ineffective for failing to advise client, and argue the fact that the substances in § 841(b)(1)(A)(ii), and § 841(b)(1)(A)(iii) cocaine verus cocaine base (commonly know as crack) are chemically and scientifically equivalent. Therefore with them being chemically synonymous, attorney could of targeted his defense around the rule of lenity. Expert chemist should of been requested to further distinguish the fact that cocaine and cocaine base are identical. So the statutory requirement for 50 or more grams of cocaine base is invalid. Attorney's failure to present these arguements, and strategy resulted in enhanced penalties for cocaine base that produced a longer prison sentence.

> GROUND FOUR: Abuse of Discertion by District Court. District court judge abused it discertion when accepting the government's contention that a 2-level reduction for acceptance of responsibility was not warranted, even though defendant plead guilty. The government deemed that since the failure of the pollygraph, 2-level reduction should be denied. But 2 co-defendants also failed pollygraph, and recieved 2-level reduction anyway. This presents an un-warranted sentencing disparity among co-defendants that go against's the rules of 3553(A).

§ 2255 Motion 2-3 (ECF No. 598) (errors in original)

On April 28, 2010, the government filed a motion for summary judgment (ECF No. 601). By order filed April 28, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Movant filed a response to the government's opposition on July 15, 2010. In addition, on October 6, 2010, Movant filed a motion to supplement his § 2255 motion. Movant seeks the benefit of revisions to 21 U.S.C. § 841 that were enacted August 3, 2010 (ECF No. 641). See Fair Sentencing Act of 2010, Pub. L. No. 111-220 (setting forth cocaine sentencing disparity reduction).

## Law/Analysis

A.    Ground One

Movant contends that the denial of his requests for new trial counsel resulted in a lack of zealous representation and unfairness to him in the proceedings. As noted hereinabove, this issue was raised and rejected on direct appeal. Movant cannot circumvent the Fourth Circuit's ruling on direct appeal by re-raising the same challenge in his § 2255 motion. See United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009). The government's motion for summary judgment is granted as to this issue.

B.      Grounds Two and Three

Movant contends he received ineffective assistance of counsel. To prove ineffective assistance of counsel, Movant must show that trial counsel's performance was deficient. See Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. Id. at 688. Movant also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 694. Strickland requires Movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. Id. at 694.

In Hill v. Lockhart, 474 U.S. 52 (1985), the United States Supreme Court discussed the application of the rule regarding deficient performance in cases where the defendant does not go to trial, but instead enters a guilty plea:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative

8

defense likely would have succeeded at trial.

Id. at 57-59 (internal citations omitted).

1.      Failure to investigate. Movant asserts that trial counsel was ineffective for failing to interview Marcus Bowser, a defendant in a related federal drug case. Bowser was interviewed by law enforcement on December 19, 2005 regarding his knowledge of drug distribution activities. At that time, Bowser indicated that he had known Movant since 1999, and that Movant had supplied him with one-half ounce to one-ounce quantities of cocaine base from 1999 until Bowser was arrested in June 2002. Based on his statements, Movant was attributed with nine ounces (252 grams) of cocaine base. See PSR ¶ 31.

In support of his argument, Movant submits a Declaration of Marcus Bowser. Bowser now denies making any such statements to law enforcement regarding "concerning specific amounts of crack cocaine or any other illicit substance involving [Movant] during any time period." See ECF No. 598. According to Movant, trial counsel was ineffective in not discovering that Bowser allegedly never made the statements attributed to him by law enforcement.

As an initial matter, the government contends that it undertook an investigation of the allegations contained in the affidavit, which included an interview with Bowser. According to the government, the affidavit was obtained through threats of physical violence and coercion when Movant and Bowser were housed at the same federal facility. ECF No. 601-2. Moreover, according to the PSR filed June 15, 2007, the government reported that Bowser provided consistent and reliable historical information about this case. ECF No. 493-3. Assuming for purposes of summary judgment only that trial counsel was ineffective for failing to interview Bowser, the court discerns no prejudice. Based upon information available at the time of Movant's sentencing, it does not

appear that Bowser would have provided trial counsel with inconsistent testimony. Movant's contention is without merit.

  2.  <u>Powder cocaine / cocaine base equivalency</u>. Movant raised a claim pertaining to his Guidelines range calculation and the crack-to-powder cocaine sentencing disparity on direct appeal. However, as the Fourth Circuit noted, the argument is immaterial because Movant was sentenced to the statutory minimum twenty-year sentence for his crime based upon his prior conviction for a felony drug offense, <u>see</u> 21 U.S.C. § 841(b)(1)(A),, and the court had no basis to depart from the mandatory sentence. Thus, even if trial counsel was ineffective for failing to make the argument advanced by Movant, the court discerns no prejudice. Movant's contention is without merit.

C.  <u>Ground Four</u>

Movant asserts that the court abused its discretion in declining to grant him a two-level reduction for acceptance of responsibility. Movant's nonconstitutional claim that could have been raised on direct appeal but was not cannot now be asserted in a collateral proceeding. <u>See</u> <u>United States v. Mikalajunas</u>, 186 F.3d 490, 496 (4th Cir. 1999) (citing cases). Nevertheless, the court has reviewed the transcript of the sentencing proceeding. The government argued that Movant was not entitled to acceptance of responsibility because he failed a polygraph examination. The court noted that two other co-defendants also failed their polygraph examinations but were found entitled to acceptance of responsibility. The government argued:

> MR. HAGINS: That's correct, Your Honor, you allowed them to have acceptance based on – and their questioning dealt with deals between each other, or exclusively. That's the questions they failed, whether they had dealt with each other. They both failed and Your Honor gave them acceptance of responsibility, and the government objected to that.
>
> And I think there are a couple of points to be made as to [Movant]. One

things is that [trial counsel] is correct, he didn't deny any involvement with Mr. Bell. But I think it goes to show you [Movant's] state of mind not only at the time but even today when he objected to the amounts of drugs that were recovered at the traffic stop.

You know, his statements were, "Well, I didn't know." Essentially he admits he's been a drug dealer for an extended period of time, but he didn't know that they were going to buy drugs when they were stopped. And the report actually indicates Mr. Murphy was nervous during the traffic stop and some other stuff. I think he's denied – tried to deny relevant conduct in that.

I think the other important thing to note is that [Movant] was intent on keeping straight to his story until he was confronted with a failed polygraph. At that point he says, "Oh, well, yeah, I was lying. There were four or five more times that I dealt with this guy that I didn't tell y'all about."

[Movant] seems to be the type of person that is only going to come clean and admit – and tell the truth when he is confronted with the falsity of his statements. So, I think it's a clear indication that he hasn't accepted responsibility to the extent of his involvement, and I don't think he should receive acceptance because of that.

Transcript of Re-Sentencing Hearing 17-18 (ECF No. 472).

The court allowed Movant a chance to respond, and thereafter queried him about his contention that he did not know that a co-defendant had drugs in a vehicle in which Movant claimed to be just "riding." Id. at 19. The government responded:

MR. HAGINS: Your Honor, they were stopped coming back from Atlanta. [Movant] lived in Chester at the time. I just don't – you know, I think there is a common sense factor that comes in. Maybe if he was just riding around the street, around the corner to go to a store and the guy happened to buy drugs, that might be one thing.

But to drive from Chester to Atlanta and say you are just along for the ride and you don't know what you are doing when you are an admitted drug dealer? I just don't think that's common sense. And I think it shows he's trying to evade his responsibility for his actions.

Id.

The court found the government's argument to be persuasive under all the circumstances.

11

Movant's contention is without merit.

D.     Motion to Supplement § 2255 Motion

There being no objection, the court grants Movant's motion to supplement his § 2255 motion (ECF No. 637). However, the court denies the relief requested. Movant seeks a reduction in his sentence based upon the Fair Sentencing Act of 2010, which was enacted on August 3, 2010. The Court of Appeals for the Fourth Circuit has determined that the Act, which amended the penalty provisions of 21 U.S.C. § 841(b) by increasing the quantities of crack cocaine required to trigger mandatory minimum sentences, does not apply retroactively. United States v. Bullard, No. 09-5214, 2011 WL 1718894 (4th Cir. 2011). Movant's contention is without merit.

### III. CONCLUSION

For the reasons stated, the government's motion for summary judgment (ECF No. 501) is **granted**. Movant's motion to vacate is **denied and dismissed with prejudice**. Movant's motions to appoint counsel and produce documents (ECF No. 594), and to disqualify counsel (ECF No. 641) also are **denied**.

### IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Movant has not made the requisite showing. Accordingly,

the court **denies** a certificate of appealability.

      **IT IS SO ORDERED**.


                              /s/ Margaret B. Seymour
                              United States District Judge

Columbia, South Carolina

May 9, 2011